## CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven Grigsby, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation in support of a criminal complaint against Jeffery Allen Ziolkowski, Jr., for violations of 38 CFR §§ 1.218(a)(4), (a)(7), (a)(14), (b)(16), (b)(18), (b)(11), (b)(6). Based on the information disclosed below, I submit there is probable cause to believe that on or about September 25, 2024, Ziolkowski violated 38 CFR §§ 1.218(a)(4), (a)(7), (a)(14), (b)(16), (b)(18), (b)(11), (b)(6) in the Western District of Michigan. I therefore request that the Court authorize the criminal complaint and an arrest warrant for Ziolkowski.

2. I am a Federal Police Officer with the Department of Veterans Affairs (VA) Police. I have served as a Federal Police Officer with the VA for just over 4 years. I am a uniformed Federal Police Officer, rank of Lieutenant for the VA, and as such have the authority to enforce violations of federal law that occur on VA property. I am a Michigan State Police Class I, II, III Operator, NHTSA Standardized Filed Sobriety Testing (SFST) Practitioner.

3. My duties include the investigations of various violations of federal criminal law, including violations of 38 CFR §§ 1.218(a)(4), (a)(7), (a)(14), (b)(16), (b)(18), (b)(11), (b)(6). The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses. This continuation is intended to show merely that there is sufficient probable cause for the requested warrant and

does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

4. I am informed by the U.S. Attorney's Office that pursuant to 38 C.F.R. § 1.218(b), I may make arrests for violations of 38 C.F.R. § 1.218(a), which are subject to up to 6 months' imprisonment. A person violates 38 C.F.R. § 1.218(a) by, among other things, doing the following:

   a. Failing to comply with posted signs on VA property. 38 C.F.R. § 1.218(a)(4), (b)(6).

   b. Entering VA property under the influence of alcohol. 38 C.F.R. § 1.218(a)(7), (b)(16).

   c. Introducing alcoholic beverages on to VA property. 38 C.F.R. § 1.218(a)(7), (b)(18).

   d. Disorderly conduct "which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways or which tends to impede or prevent the normal operation of a service or operation of the facility." 38 C.F.R. § 1.218(a)(14), (b)(11).

5. On September 25, 2024, I was on duty as a VA Police Officer at the VA Hospital in Iron Mountain, Michigan, which is in the Western District of Michigan. The VA Hospital in Iron Mountain, Michigan, is a VA facility as defined in 38 U.S.C. § 901 and 38 C.F.R. § 1.218. I then saw Jeffery Ziolkowski Jr. light a cigarette just outside the main lobby doors, which is still part of the VA facility. Ziolkowski was

smoking in a posted no smoking area. As I approached Ziolkowski, he grabbed an opened beer that he had set on the ground and began to drink it. I began to detain Ziolkowski as he set his beer on the ground. He proceeded to smash it violently with his foot, splashing beer all over me and the entry way.

6. I then detained Ziolkowski. He then began to be verbally aggressive, yelling and screaming at me at the entry way of the facility causing an interruption of regular use of the main lobby doors.

7. Iron Mountain Police was asked to assist with a Preliminary Breath Test Lifeloc Serial # 19300241, and Ziolkowski blew a .143 (BAC) administered by Iron Mountain Police.

8. Ziolkowski consented to a chemical breath test and was later transported to Michigan State Police – Iron Mountain Post, where Ziolkowski completed a Forensic Breath Alcohol Test on an Intoxilyzer 9000 Serial Number 90-004858. He completed two tests. Subject Result 1 showed a BAC of 0.129 g/210L. And Subject Result 2 showed a BAC of 0.131 g/210 L. Both tests were administered by Michigan State Police. I then made a probable cause arrest of Ziolkowski.

9. Based on the above, I submit that Ziolkowski failed to comply with signs of a directive and restrictive nature posted for safety by smoking in a no smoking area, 38 CFR § 1.218(a)(4), (b)(6); committed an unauthorized introduction on VA property of alcoholic beverages by bringing alcohol onto VA facility grounds, 38 CFR § 1.218(a)(7), (b)(18); committed disorderly conduct by creating a loud boisterous and by obstructing the normal use of entrances, exits and foyers, that impeded and

prevented the normal operation of the service/facility by smashing his beer, yelling, screaming and making threats at the entry way of the main lobby doors, 38 CFR § 1.218(a)(14), (b)(11); and based on preliminary and forensic breath test, entered the premises under the influence of alcoholic beverages, 38 § CFR 1.218(a)(7), (b)(16).

## CONCLUSION

10. I submit that this continuation establishes probable cause to believe that Ziolkowski committed violations of 38 CFR §§ 1.218(a)(4), (a)(7), (a)(14), (b)(16), (b)(18), (b)(11), (b)(6). I, therefore, request that the Court authorize the criminal complaint and issue an arrest warrant for Ziolkowski's arrest.